NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3904 |
| Plaintiff - Appellee, | D.C. No. 1:16-cr-00266-DCN-1 |
| v. | |
| JOSE A MOUW, AKA Joe Anthony Mouw, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted December 17, 2025[**]

Before:    PAEZ, CHRISTEN, and KOH, Circuit Judges.

Jose A. Mouw appeals pro se from the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *see United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Mouw contends that the district court erred by concluding that changes in sentencing law under the First Step Act could not be an extraordinary and compelling reason for relief, and by failing to fully consider Mouw's arguments. These claims are unavailing. The court correctly concluded that any changes in sentencing law could not be an extraordinary and compelling reason for relief because Mouw had not yet served ten years of his sentence. *See* U.S.S.G. § 1B1.13(b)(6), (c). Further, the record reflects that the court thoroughly considered Mouw's arguments and did not abuse its discretion in concluding that—though it was sympathetic to Mouw's medical conditions and appreciated his rehabilitative efforts—none of his circumstances, whether considered individually or in combination, was extraordinary and compelling. *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (district court abuses its discretion only if its decision is illogical, implausible, or not supported by the record).

In any event, any error in the district court's extraordinary and compelling analysis was harmless because the court did not abuse its discretion in concluding that the 18 U.S.C. § 3553(a) factors weighed against relief. *See Wright*, 46 F.4th at 947-48. Contrary to Mouw's argument, the court considered the § 3553(a) factors as a whole and did not abuse its discretion in giving more weight to Mouw's offense conduct and criminal history. *See United States v. Gutierrez-Sanchez*, 587

F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**